**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7000**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JOHN PAUL SMITH,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  Gina M. Groh, Chief
District Judge.  (3:02-cr-00064-GMG-7)

Submitted:  October 20, 2015          Decided:  November 3, 2015

Before KING, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Paul Smith, Appellant Pro Se.  Paul Thomas Camilletti,
Assistant United States Attorney, Martinsburg, West Virginia;
Michael D. Stein, Assistant United States Attorney, Wheeling,
West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Paul Smith appeals the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (2012) based on Amendment 782. We have reviewed the record and find no reversible error. Accordingly, we affirm.

A district court may reduce a prison term if a defendant's Guidelines range has subsequently been lowered by the Sentencing Commission and the reduction is consistent with applicable policy statements. 18 U.S.C. § 3582(c)(2) (2012). A reduction is not consistent with applicable policy statements and therefore not authorized under § 3582(c)(2) if "an amendment listed in [U.S. Sentencing Guidelines Manual § 1B1.10(d) (2014)] does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B). We review a district court's decision under § 3582(c)(2) for abuse of discretion and its ruling as to the scope of its legal authority de novo. United States v. Mann, 709 F.3d 301, 304 (4th Cir. 2013).

In deciding whether to modify a prison term pursuant to a retroactive amendment to the Sentencing Guidelines, the first step is to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in [USSG § 1B1.10(d)] had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1); Dillon v. United States, 560 U.S. 817, 827 (2010). "In making

2

such determination, the court shall substitute only the amendments listed in [USSG § 1B1.10(d)] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." USSG § 1B1.10(b)(1). Amendments listed in USSG § 1B1.10(d) include not only Amendment 782, which generally reduced base offense levels in USSG § 2D1.1, but also Amendments 657 and 750, which changed the Drug Equivalency Tables for oxycodone and cocaine base. See USSG § 1B1.10(d).

At sentencing, the district court adopted the presentence report and found Smith responsible for a marijuana equivalency of 2,664.92275 kilograms based on 85.55 grams of cocaine base, 115.2 grams of cocaine hydrochloride, 639.3631 grams of heroin, and 583.0393 grams of oxycodone. Under the 2002 Sentencing Guidelines Manual, the district court determined that Smith's base offense level was 32, and his total offense level was 34. With a criminal history category of V and 20-year statutory maximum, his Guidelines range was 235 to 240 months.

Applying the amendments listed in USSG § 1B1.10(d), Smith's Guidelines range has not been lowered. Under Amendment 782, a marijuana equivalency of 3,000 to 10,000 kilograms is now a base offense level of 32. Applying the Drug Equivalency Tables in Amendments 657 and 750, Smith would now be responsible for a marijuana equivalency of over 3,000 kilograms based on the drug

3

quantity findings at sentencing.[*]  Accordingly, the Sentencing Commission has not lowered Smith's Guidelines range, and he is not eligible for a reduction under 18 U.S.C. § 3582(c)(2).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] We note that even if the stipulated drug amounts were used, rather than the higher drug amounts found by the district court at sentencing, the marijuana equivalency would still exceed 3,000 kilograms based on the applicable amendments.

4