PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

v.

ROBERT CY MANN, a/k/a B,

*Defendant-Appellee.*

No. 12-6590

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(2:98-cr-00047-RAJ-TEM-12)

Argued: January 31, 2013

Decided: March 4, 2013

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed by published opinion. Judge Motz wrote the opinion, in which Judge King and Judge Agee joined.

## COUNSEL

**ARGUED:** Richard Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellant. Caroline Swift Platt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellee. **ON BRIEF:** Neil H. MacBride, United States Attorney,

Alexandria, Virginia, for Appellant. Michael S. Nachmanoff, Federal Public Defender, Alexandria, Virginia, Keith L. Kimball, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellee.

---

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

In 1998, a jury convicted Robert Cy Mann of possession with intent to distribute crack cocaine and distribution of powder cocaine, and the district court sentenced him in accord with the then-applicable United States Sentencing Guidelines. Following Amendment 750 to the Guidelines, which lowered sentences for certain crack cocaine offenses, the district court granted Mann's motion to reduce his sentence. The Government contends that when the district court originally sentenced Mann it found him responsible for more than 8.4 kilograms of crack cocaine and therefore erred in subsequently finding him eligible for the sentence reduction. Finding that the district court did not clearly err in holding that it had not originally made a finding that rendered Mann ineligible for the reduction, or otherwise abuse its discretion, we affirm.

I.

A jury convicted Mann of one count of possession with intent to distribute cocaine base (Count 18) and one count of distribution of cocaine (Count 25), both in violation of 21 U.S.C. § 841(a)(1) (2006).[1]

---

[1]The jury also convicted Mann on a conspiracy count, which the district court dismissed on double jeopardy grounds and which is not at issue here.

At Mann's sentencing hearing, the Government argued that Count 18 was based on three drug transactions, each involving three kilograms of crack cocaine, but the defense objected to these factual assertions. The district court held that: "Taking the most conservative view, the court would find as a matter of fact that at least 1.5 kilograms or more were certainly involved in the possession with intent to distribute on that occasion. That is discrediting the dropping of a lot of crack cocaine."

As to Count 25, the indictment header and presentence report refer to the crime charged as distribution of cocaine base. But the indictment describes Count 25 as charging cocaine, not cocaine base, and the Government represented at sentencing that Count 25 involved "three kilograms of powder cocaine." At the sentencing proceeding, the district court at first stated that at least ten kilograms of crack cocaine were at issue in Count 25. But later in the same proceeding the court corrected itself to clarify that "count 25 charges the defendant with distribution of cocaine, not crack cocaine." The court explained that it wanted "the record to reflect that although the count charged powder cocaine, it is clear to the court that the defendant possessed far in excess of the requisite amount of powder cocaine to have him still at a base offense level of 38, just in case someone believes that the court failed to recognize that count was for powder cocaine."

When sentencing Mann, the district court found the Government had "met its requisite burden to establish the drug amounts necessary to attribute defendant with a base offense level of 38." This base offense level applied to both Counts 18 and 25, which were grouped in accord with the applicable U.S. Sentencing Guidelines. U.S. Sentencing Guidelines Manual [U.S.S.G.] §§ 3D1.2(d), 3D1.3(b) (1998). Under the then-applicable Guidelines, a defendant responsible for 1.5 kilograms or more of crack cocaine was subject to a base offense level of 38, the highest quantity-based base offense level for the drug crimes in this case, no matter how much

powder cocaine was at issue in Count 25. *See* U.S.S.G. § 2D1.1(c)(1) (1998). Thus, Mann's Guidelines sentencing range was 235 to 293 months. The district court sentenced Mann to 252 months' imprisonment.

In 2008, while Mann was serving his sentence, the Sentencing Commission retroactively lowered the penalties for crack cocaine offenses in Amendments 706 and 711 to the U.S. Sentencing Guidelines. U.S.S.G. app. C (2011). Those amendments raised the minimum crack cocaine quantity necessary to justify a base offense level of 38 from 1.5 to 4.5 kilograms. *See id.* Mann moved to reduce his sentence under 18 U.S.C. § 3582(c)(2). The same district court that had originally sentenced Mann initially denied the motion, but then granted his motion to reconsider that holding.

On reconsideration, the district court concluded that it had made no finding at sentencing that Mann was responsible for 4.5 kilograms or more of crack cocaine. Concluding that Mann was thus eligible for a sentence reduction, the court resentenced Mann to 188 months' imprisonment. The Government appealed and we vacated the new sentence, holding that the district court lacked the authority to grant Mann's motion for reconsideration. *United States v. Mann*, 373 F. App'x 350 (4th Cir. 2010), *cert. granted and judgment vacated*, 131 S. Ct. 1598 (2011). On remand from the Supreme Court, we again held that the district court lacked this authority. *United States v. Mann*, 435 F. App'x 254, 256 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 1092 (2012).

In the meantime, in 2011, the Sentencing Commission retroactively amended its Guidelines once more, increasing still further the minimum crack cocaine quantity necessary to justify a base offense level of 38, this time to 8.4 kilograms. U.S.S.G. app. C (2011) (Amendment 750). Relying on this amendment, Mann moved for a new sentence reduction. Finding that the record did not establish that Mann was responsible for at least 8.4 kilograms of crack cocaine, the same

district court that had originally sentenced Mann granted the motion and reduced Mann's sentence to 162 months' imprisonment.

The Government noted this appeal. We review a district court's decision to reduce a sentence under § 3582(c)(2) for abuse of discretion and its ruling as to the scope of its legal authority under § 3582(c)(2) de novo. *See United States v. Munn*, 595 F.3d 183, 186 (4th Cir. 2010). We review factual determinations, like the quantity of drugs attributable to a defendant for sentencing purposes, for clear error. *See United States v. Slade*, 631 F.3d 185, 188 (4th Cir. 2011). "[W]e are obliged to accord substantial deference to a district court's interpretation of its own judgment." *ABT Bldg. Prods. Corp. v. Nat'l Union Fire Ins. Co.*, 472 F.3d 99, 113 (4th Cir. 2006).

## II.

### A.

The Government contends that the district court erred in concluding that, when originally sentencing Mann, it had made no finding that Mann was responsible for at least 8.4 kilograms of crack cocaine. Only if the district court clearly erred in so finding can we reverse on this ground. Close review of the record does not permit us to reach this conclusion.[2]

Certainly, evidence in the record suggests that Mann may have been responsible for substantially more than 1.5 kilograms -– perhaps even more than 8.4 kilograms—of crack cocaine. But, when sentencing Mann, the district court made no (uncorrected) finding that he was responsible for any specific amount above 1.5 kilograms of crack cocaine. Indeed, the Government itself originally argued that Mann was responsible for only "approximately three kilograms of crack cocaine" in Count 18.

---

[2]Given this holding, we need not address Mann's other arguments.

Nevertheless, the Government contends that, even if the district court did not find Mann responsible for more than 8.4 kilograms of crack cocaine, it separately found him responsible for more than enough powder cocaine to make him ineligible for a sentence reduction. In making this argument, the Government relies heavily on the district court's statement that Mann "possessed far in excess of the requisite amount of powder cocaine to have him still at a base offense level of 38."[3]

But this statement could not have indicated a finding of responsibility for sufficient powder cocaine to make Mann ineligible for a sentence reduction. Under the Guidelines applicable at the original sentencing, *150 kilograms* or more of powder cocaine were necessary for a base offense level of 38. U.S.S.G. § 2D1.1(c)(1) (1998). Not even the Government suggests that the record contains evidence of Mann's responsibility for anywhere near this quantity of powder cocaine. Rather, the base offense level here depended on grouping the crack cocaine and powder cocaine counts (Counts 18 and 25 respectively), such that the amount of powder cocaine became

---

[3]The Government argues in the alternative on the basis of this same statement that the district court's correction—that Count 25 charged powder cocaine—"meant to clarify that, even though count 25 charged powder cocaine, the court could rely on quantities of crack to impose a sentence for count 25." This argument is meritless; the sole authority offered for it, *Edwards v. United States*, 523 U.S. 511 (1998), in fact provides no assistance to the Government. In *Edwards*, the district court instructed the jury that the Government could prove that the relevant count involved "cocaine *or* cocaine base." *Id.* at 513. Upon the jury's finding of guilt, the court imposed sentence based on its finding that the illegal activity "had involved *both* cocaine *and* crack." *Id.* The Supreme Court held that in these circumstances "the judge was authorized to determine for sentencing purposes whether crack, as well as cocaine, was involved in the offense-related activities." *Id.* But in Mann's case the district court did *not* instruct the jury that it could find Mann guilty of conduct involving either "cocaine or cocaine base." And the court did *not* find that Count 25 involved both powder cocaine and crack cocaine. Rather, the court expressly corrected itself to find that the illegal activity charged in Count 25 involved *only* powder cocaine and sentenced Mann accordingly.

irrelevant. Any amount of powder cocaine in Count 25, no matter how small, sufficed for a base offense level of 38, because the district court had already found Mann responsible for 1.5 kilograms of crack cocaine in the grouped Count 18, which alone justified a base offense level of 38.

All this is not to say that the record of the sentencing hearing is crystal clear as to the drug amounts –- or the forms of cocaine –- for which the district court held Mann responsible in Counts 18 and 25. It certainly is not. But to the extent the record is unclear, we must defer to the sentencing judge's reasonable understanding of the record—and particularly his interpretation of *his own earlier findings*. *See, e.g., United States v. Legree*, 205 F.3d 724, 729 (4th Cir. 2000) (indicating that the judge in a § 3582(c)(2) resentencing who also presided at the original trial and sentencing had "intimate familiarity" with the record and was entitled to deference in sentence reduction analysis); *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 131 (4th Cir. 1992) ("It is peculiarly within the province of the district court . . . to determine the meaning of its own order.").

This point counsels strongly in favor of deferring to the sentencing court's conclusion that it never made a finding that Mann was responsible for any specific quantity greater than 1.5 kilograms of crack cocaine. It counsels in favor of deferring to the sentencing court's conclusion that it never intended its discussion of the drug amount in Count 25 to refer to crack cocaine. And it counsels in favor of deferring to the sentencing court's implicit conclusion that it never intended its corrected statement as to Count 25 to suggest Mann was responsible for 150 kilograms or more of powder cocaine –- a finding for which there is no support in the record. Although we need not defer to the district court if its interpretation of its own previous ruling cannot be squared with the facts presented, *see United States v. Henry*, 538 F.3d 300, 304 (4th Cir. 2008), in this case the district court's interpretation was reasonable in light of the record.

B.

The Government also argues that the district court could have made additional findings as to drug amounts, consistent with its original findings, in making its resentencing determination. We have not addressed this contention in a published opinion, but our sister circuits agree that additional findings lie within a sentencing court's discretion. *See, e.g.*, *United States v. Hall*, 600 F.3d 872, 876 (7th Cir. 2010) ("[N]othing prevents the court from making new findings that are supported by the record and not inconsistent with the findings made in the original sentencing determination."); *United States v. Moore*, 582 F.3d 641, 646 (6th Cir. 2009) ("We do not agree . . . that the district court's previous determination of 'more than 1.5 kilograms' means that it cannot also find more than 4.5 kilograms.").

That the district court may have possessed this authority does not aid the Government here. For the Government does not even argue that the court was under any *obligation* to make new findings—and for good reason. The court was under no such obligation. *See United States v. Jules*, 595 F.3d 1239, 1245 (11th Cir. 2010) (holding that courts need not engage in new factual determinations in a § 3582(c)(2) proceeding because such a proceeding "is not a *de novo* resentencing"); *see also Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010) ("Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding."). The district court may reasonably have concluded that the facts of Mann's conviction would not support any additional finding of responsibility for 8.4 kilograms or more of crack cocaine. The court did not err in exercising its discretion not to make additional findings more than a decade after the original sentencing.

More broadly, the court did not abuse its discretion in concluding that Mann was eligible for a sentence reduction.

Under § 3582(c)(2), "the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Because the district court correctly concluded that "the guideline range applicable to th[e] defendant has . . . been lowered as a result of [Amendment 750]," and reasonably concluded that no exclusion applied, Mann's reduction accords with Sentencing Commission policy. *See* U.S.S.G. § 1B1.10(a) (2011). In addition, the § 3553(a) sentencing factors weigh in Mann's favor, particularly given that he has already served a substantial sentence and seems to have been a model prisoner, genuinely interested in rehabilitation. *See* 18 U.S.C. § 3553(a).

### III.

In sum, the district court did not commit clear error in holding that when originally sentencing Mann it had made no finding of a sufficient drug quantity to make Mann ineligible for a sentence reduction. Nor did it otherwise abuse its discretion in granting the reduction. For these reasons, the judgment of the district court is

*AFFIRMED*.