**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-4851**

———————————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

KEVIN COVINGTON,

            Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   John A. Gibney, Jr., District Judge.  (3:11-cr-00148-JAG-1)

———————————

Submitted:  April 4, 2014            Decided:  April 16, 2014

———————————

Before KING, AGEE, and THACKER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Michael S. Nachmanoff, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Mary E. Maguire, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.  Dana J. Boente, Acting United States Attorney, Michael C. Moore, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Covington appeals the district court's order revoking his supervised release and imposing a twenty-four-month sentence. Covington asserts that the district court violated Tapia v. United States, 131 S. Ct. 2382 (2011), when it allegedly imposed the statutory maximum sentence to allow him to receive substance abuse rehabilitation services, and that his sentence is plainly unreasonable in light of his seven-to-thirteen-month sentencing range and the parties' request that he be sentenced within that range. Finding no reversible error, we affirm.

In reviewing a sentence imposed after revocation of supervised release, this court "takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). Thus, we will affirm a supervised release revocation sentence if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step is to determine whether the sentence is unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). Only if the sentence is procedurally or substantively unreasonable will the inquiry proceed to the

2

second step, which is to determine whether the sentence is plainly unreasonable. Id. at 439.

A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors, Crudup, 461 F.3d at 440, and has adequately explained the chosen sentence. Thompson, 595 F.3d at 547. When reviewing a sentence above the sentencing range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall v. United States, 552 U.S. 38, 51 (2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal brackets and quotation marks omitted). Although the Carter rationale applies to revocation hearings, "[a] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence[.]" Thompson, 595 F.3d at 547 (noting that a district court's reasoning may be "clear from context" and that the court's statements throughout the sentencing hearing may be considered).

3

A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. Ultimately, however, the district court has broad discretion to revoke supervised release and impose a sentence up to that maximum. Moulden, 478 F.3d at 657.

We conclude that Covington's twenty-four-month sentence is not unreasonable. To the contrary, the district court correctly calculated the policy statement range, adequately explained its sentence, appropriately relied on the relevant statutory factors, and sentenced Covington to the statutory maximum applicable to his offense. When it explained Covington's sentence, the district court discussed the seriousness of his offense, particularly Covington's breach of trust, which is consistent with the principle that the breach of trust inherent in a supervised release violation should be the sentencing court's primary consideration. Crudup, 461 F.3d at 437. The district court then went on to discuss Covington's poor performance on supervision and his high risk of recidivism. During this discussion, the district court acknowledged Covington's need for drug treatment, but specifically stated that it was not considering that need in setting the length of imprisonment.

4

Admittedly, the district court did eventually state during its sentence pronouncement that it wanted Covington "clean of drugs for as long as possible[,]" which was followed by its admonition that "the longer you have an opportunity to go to NA, the better you will be." Because Covington raised a Tapia objection to the district court's explanation for his sentence, however, he afforded the district court an opportunity to cure any possible Tapia error. Notably, when Covington's counsel objected and argued that the district court was improperly relying on his need for treatment to justify the twenty-four-month sentence, the district court clarified that the reasons for the sentence imposed were punishment for his breach of trust, deterrence, and Covington's risk of recidivism. Thus, viewed in their entirety, the district court's comments make clear that its sentencing decision was based on permissible factors, and at worst, its comments regarding Covington's need for drug treatment were quickly corrected mis-statements. Accordingly, reviewing any error by the district court for harmlessness, see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010), we find that even if the district court committed error when it referred during sentencing to Covington's need for drug treatment, the record establishes that "the district court would have reached the same result even if it had decided the . . . issue the other way." See United States v. Montes-Flores,

736 F.3d 357, 370 (4th Cir. 2013) (internal quotation marks omitted).

This conclusion is reinforced by the district court's written sentencing order, which, like the bulk of its comments at the hearing, addresses Covington's breach of trust, his history and characteristics, and the need to afford adequate deterrence. Although the oral pronouncement of sentence controls, United States v. Doswell, 670 F.3d 526, 531 n.3 (4th Cir. 2012), "we are obliged to accord substantial deference to a district court's interpretation of its own judgment." United States v. Mann, 709 F.3d 301, 305 (4th Cir. 2013) (internal quotation marks, alterations and citation omitted). Thus, "to the extent the record is unclear, we must defer to the sentencing judge's reasonable understanding of the record—and particularly his interpretation of his own earlier findings." Id. at 306 (emphasis omitted); see United States v. Naramor, 726 F.3d 1160, 1171 (10th Cir. 2013) ("We, like our fellow circuits, recognize the importance of Tapia's instruction but we certainly are not looking for stray remarks and technical errors to set aside sentencing decisions that were certainly Tapia compliant."). Because the record makes clear that the district court did not impose the twenty-four-month sentence to allow Covington an opportunity to obtain rehabilitation in prison, and since it establishes that the district court would have imposed

6

the same sentence upon Covington even if it had not considered his need for drug treatment, we discern no reversible procedural error in Covington's sentence.

We also discern no error in Covington's sentence based on the district court's alleged failure to give sufficient weight to his policy statement range and explain why it rejected the parties' arguments for a sentence within that range. To the contrary, the record establishes that the district court explicitly recognized on two separate occasions that the first thing it was to consider before imposing sentence was Covington's sentencing range, which it correctly noted was seven-to-thirteen months. The record also establishes that the district court was fully engaged at Covington's sentencing and that although it listened to counsel's arguments for a particular sentence and Covington's plea for leniency, it believed that under the relevant statutory factors, a statutory maximum sentence was appropriate. In fact, although the district court afforded Covington an opportunity to plea for leniency based on his desire to stop using narcotics, the district court made clear that if Covington truly wanted to get himself clean, he would need to obtain counseling outside of prison because, as the parties requested during their argument for a lesser sentence, it was not going to impose a supervised release term after his sentence was complete.

Although the district court imposed a sentence above the advisory policy statement range, the district court noted that it was doing so because Covington breached the court's trust, he showed a lack of responsibility while on supervised release, there was a need to deter Covington and others from criminal conduct and to protect the public from Covington's crimes, and to provide Covington with needed educational or vocational training or other correctional treatment. And although the district court entertained Covington's request for leniency, as well as the Government's request for a within-Guidelines sentence, it is clear the district court found that other factors mandated a higher sentence. We find that the district court's rationale was justified and discern no substantive error in the imposition of Covington's sentence, which was the statutory maximum applicable to his offense. Crudup, 461 F.3d at 440; Moulden, 478 F.3d at 658. Having discerned no procedural or substantive error in the district court's imposition of a twenty-four-month sentence, "it necessarily follows that [Covington's] sentence is not plainly unreasonable." Crudup, 461 F.3d at 440.

Based on the foregoing, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

8

before this court and argument would not aid the decisional process.

AFFIRMED