**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4354**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

NESTOR GUERRA-TELON,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:13-cr-00631-HMH-5)

Submitted: February 12, 2015      Decided: February 25, 2015

Before MOTZ, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jerome Lee, TAYLOR LEE & ASSOCIATES, LLC, Norcross, Georgia, for Appellant. William N. Nettles, United States Attorney, Andrew B. Moorman, Sr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Nestor Guerra-Telon of conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2012). The district court imposed a sentence of 140 months. On appeal, Guerra-Telon challenges his sentence. We affirm.

First, Guerra-Telon argues that the district court erred when it used a drug quantity of 3.5 to five kilograms of cocaine to set his base offense level at thirty. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(5) (drug quantity table) (2013). A district court's drug quantity determination is a factual finding reviewed for clear error. United States v. Mann, 709 F.3d 301, 304 (4th Cir. 2013).

"For sentencing purposes, the government must prove the drug quantity attributable to a particular defendant by a preponderance of the evidence." United States v. Bell, 667 F.3d 431, 441 (4th Cir. 2011). "Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." USSG § 2D1.1 cmt. n.5. A district court may rely on witness testimony to approximate the drug quantity; however, "when the approximation is based only upon 'uncertain' witness estimates, district courts should sentence at the low end of the range to which the witness[] testified." Bell, 667 F.3d at 441

2

(internal quotation marks omitted).  Applying these standards to the record before us, we perceive no clear error in the district court's drug quantity finding.

Second, Guerra-Telon argues that the district court erred in denying him a two-level mitigating role adjustment pursuant to USSG § 3B1.2(b).  "The defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to a mitigating role adjustment in sentencing."  United States v. Powell, 680 F.3d 350, 358-59 (4th Cir. 2012) (internal quotation marks omitted).  A district court's determination that a defendant has not demonstrated his entitlement to a mitigating role adjustment is a factual finding reviewed for clear error.  Id. at 359.  A two-level mitigating role adjustment is appropriate for a defendant "who is less culpable than most other participants, but whose role could not be described as minimal."  USSG § 3B1.2 cmt. n.5.  "The critical inquiry in determining whether a defendant is entitled to an adjustment for his role in the offense is not just whether the defendant has done fewer bad acts than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense."  United States v. Dawson, 587 F.3d 640, 646 (4th Cir. 2009) (internal quotation marks omitted).

Guerra-Telon argues that he was entitled to an adjustment because he was merely a drug courier.  A defendant's role as a

drug courier, however, "does not automatically entitle him to a reduction under Guideline § 3B1.2" because a drug courier is not necessarily "less culpable than other members of a drug organization." United States v. White, 875 F.2d 427, 434 (4th Cir. 1989) (internal quotation marks omitted). Here, the testimony permitted the conclusion that Guerra-Telon was not "less culpable than most other participants." Therefore, the district court did not clearly err when it denied Guerra-Telon's request for a mitigating role adjustment.

Accordingly, we affirm Guerra-Telon's sentence. We dispense with oral argument because the parties agree that the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED