**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-6956**

———————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

SAMUEL CLIVE PHILLIPS, a/k/a Jungle, a/k/a Culture, a/k/a
David,

             Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.   Henry Coke Morgan, Jr.,
Senior District Judge.   (2:93-cr-00131-HCM-5)

———————————

Submitted:  October 8, 2015         Decided:  November 6, 2015

———————————

Before MOTZ and WYNN, Circuit Judges, and DAVIS, Senior Circuit
Judge.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

Samuel Clive Phillips, Appellant Pro Se.   Kevin Michael
Comstock, Assistant United States Attorney, Norfolk, Virginia,
for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Clive Phillips appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2012) motion seeking a sentence reduction under Amendment 782 to the Sentencing Guidelines. Because we conclude that the district court erred in finding that Phillips's Guidelines range was unchanged by the Amendment, we vacate and remand to the district court for further proceedings.

"We review a district court's decision under § 3582(c)(2) for abuse of discretion, and its ruling as to the scope of its legal authority under § 3582(c)(2) de novo." United States v. Mann, 709 F.3d 301, 304 (4th Cir. 2013). "We are obliged to accord substantial deference to a district court's interpretation of its own judgment." Id. at 305. A district court abuses its discretion, however, if it fails or refuses to exercise discretion, or if it relies on erroneous legal or factual premises. James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).

Under § 3582(c)(2), a district court may reduce the term of imprisonment "of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also U.S. Sentencing Guidelines Manual

2

§ 1B1.10, p.s. (2014). "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable [G]uideline range." USSG § 1B1.10 cmt. n.1(A). "In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under [§ 3582(c)(2)] and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1), p.s. (2014).

At sentencing, Phillips was attributed with 24.06 kilograms of cocaine base. Under Amendment 782, Phillips's base offense level is 36, rather than the base offense level of 42 with which he was attributed at sentencing. USSG § 2D1.1(c)(2) (2014) (providing for offense level 36 for offense involving at least 8.4 kilograms, but less than 25.2 kilograms of cocaine base). After adding the five levels to his offense level that were added to his original offense level, and in conjunction with his category I criminal history, Phillips's Guidelines range is now 324-405 months. USSG Ch. 5, pt. A (sentencing table). Accordingly, Phillips's Guidelines range of life has been reduced under Amendment 782.

We thus conclude that the district court erred in determining that Amendment 782 did not lower Phillips's Guidelines range. Accordingly, we vacate the district court's order and remand so that the court may consider whether to grant any sentence reduction for which Phillips is eligible. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>