**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7188**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TONY TERRAIL DANIELS, a/k/a Two Tone,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:10-cr-00327-H-2)

Submitted: December 17, 2015      Decided: January 21, 2016

Before KING, FLOYD, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Tony Terrail Daniels, Appellant Pro Se. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Terrail Daniels appeals the district court's order granting his 18 U.S.C. § 3582(c)(2) (2012) motion seeking a sentence reduction under Amendment 782.* Because we conclude that the district court erred in calculating Daniels' amended Guidelines range, we vacate and remand to the district court for further proceedings.

"We review a district court's decision to reduce a sentence under § 3582(c)(2) for abuse of discretion and its ruling as to the scope of its legal authority under § 3582(c)(2) de novo." United States v. Mann, 709 F.3d 301, 304 (4th Cir. 2013). "We are obliged to accord substantial deference to a district court's interpretation of its own judgment." Id. at 305 (brackets and internal quotation marks omitted). A district court abuses its discretion, however, "when it . . . relies on erroneous factual or legal premises, or commits an error of law." United States v. Briley, 770 F.3d 267, 276 (4th Cir. 2014) (internal quotation marks omitted), cert. denied, 135 S. Ct. 1844 (2015).

Under § 3582(c)(2), a district court may reduce the term of imprisonment "of a defendant who has been sentenced . . . based

---

* Although the district court granted Daniels' § 3582 motion, the reduction granted by the court was less than the reduction sought by Daniels.

2

on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range." U.S. Sentencing Guidelines Manual § 1B1.10, p.s., cmt. n.1(A) (2014). "In determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted, the court [must] determine the amended guideline range that would have been applicable . . . if the [relevant] amendment[] . . . had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1), p.s.

Initially, we conclude that the court correctly determined that Daniels is eligible for a sentence reduction under Amendment 782, which lowered the base offense levels applicable to drug trafficking offenses. See USSG App. C Amend. 782. Daniels' Guidelines range after the application of Amendment 782 is 108 to 135 months' imprisonment. The court, however, calculated an amended Guidelines range of 120 to 135 months' imprisonment and reduced Daniels' sentence to 120 months.

The court originally sentenced Daniels after the effective date of the Fair Sentencing Act (FSA). Accordingly, the statutory minimum sentence for Daniels' drug offense is 5 years' imprisonment, not 10. Compare 21 U.S.C. § 841(b)(1)(B) (2012),

3

with 21 U.S.C. § 841(b)(1)(A) (2006); see Dorsey v. United States, 132 S. Ct. 2321, 2335-36 (2012) (holding that FSA applies to defendants sentenced after effective date of August 3, 2010). The court, therefore, erred in determining that the bottom of Daniels' amended Guidelines range was 120 months' imprisonment, rather than 108 months' imprisonment. See USSG § 5G1.1(c)(2).

Accordingly, we vacate the district court's judgment and remand so that the court may reconsider the extent of Daniels' sentence reduction under the properly calculated amended Guidelines range. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED