**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7332**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SIRONDA LAVYREE SANDERS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:09-cr-00020-F-1)

Submitted:  January 13, 2016        Decided:  February 11, 2016

Before DUNCAN and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sironda Lavyree Sanders, Appellant Pro Se.  Leslie Katherine Cooley, Jennifer P. May-Parker, Assistant United States Attorneys, Shailika S. Kotiya, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sironda Lavyree Sanders appeals the district court's order denying her 18 U.S.C. § 3582(c)(2) (2012) motion for a sentence reduction based on Amendment 782 to the U.S. Sentencing Guidelines. We have reviewed the record and find no reversible error. Accordingly, we affirm.

A district court may reduce a prison term if a defendant's Guidelines range has subsequently been lowered by the Sentencing Commission and the reduction is consistent with applicable policy statements. 18 U.S.C. § 3582(c)(2) (2012). A reduction is not consistent with applicable policy statements and therefore not authorized under § 3582(c)(2) if "an amendment listed in [U.S. Sentencing Guidelines Manual § 1B1.10(d) (2014)] does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B). We review a district court's decision under § 3582(c)(2) for abuse of discretion and its determination regarding the scope of its legal authority de novo. United States v. Mann, 709 F.3d 301, 304 (4th Cir. 2013).

In deciding whether to modify a prison term pursuant to a retroactive amendment to the Sentencing Guidelines, we first "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in [USSG § 1B1.10(d)] had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1);

2

*Dillon v. United States*, 560 U.S. 817, 827 (2010). "In making such determination, the court shall substitute only the amendments listed in [USSG § 1B1.10(d)] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." USSG § 1B1.10(b)(1).

At sentencing, the district court adopted the presentence report and found that Sanders was a career offender. Applying Amendment 782, her advisory Guidelines range based on her career offender status has not changed. Because the Sentencing Commission has not lowered the range, a reduction under 18 U.S.C. § 3582(c)(2) is not authorized. We therefore affirm the district court's order.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED