**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-6762

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

SHAHIEE JERMAINE FLOWERS, a/k/a Munchie,

　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Aiken.　Margaret B. Seymour, Senior District
Judge.　(1:06-cr-00558-MBS-2)

Submitted:　October 20, 2016　　　Decided:　November 3, 2016

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Shahiee Jermaine Flowers, Appellant Pro Se.　Jimmie Ewing, John
David Rowell, Jane Barrett Taylor, Assistant United States
Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shahiee Jermaine Flowers appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2012) motion seeking a sentence reduction under Amendment 782 to the Sentencing Guidelines. We affirm.

"We review a district court's decision to reduce a sentence under § 3582(c)(2) for abuse of discretion and its ruling as to the scope of its legal authority under § 3582(c)(2) de novo." United States v. Mann, 709 F.3d 301, 304 (4th Cir. 2013). A district court abuses its discretion, however, "when it . . . relies on erroneous factual or legal premises, or commits an error of law." United States v. Briley, 770 F.3d 267, 276 (4th Cir. 2014) (internal quotation marks omitted). Under § 3582(c)(2), a district court may reduce the term of imprisonment "of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In assessing a motion for a § 3582(c)(2) sentence reduction, "[a] court must first determine that a reduction is consistent with [U.S. Sentencing Guidelines Manual] § 1B1.10." Dillon v. United States, 560 U.S. 817, 826 (2010). Under USSG § 1B1.10(a)(2)(B), a sentence reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range." The applicable guideline range is the range

2

"that corresponds to the offense level and criminal history category determined pursuant to [USSG] § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." USSG § 1B1.10 cmt. n.1(A). The court cannot reduce the sentence under § 3582(c)(2) to a term less than the minimum of the amended guideline range, unless the original sentence was lower than the initial guideline range to reflect the defendant's substantial assistance. USSG § 1B1.10(b)(2). Amendment 782 to the Guidelines lowered the offense levels applicable to drug offenses by two levels and is retroactively applicable. See USSG § 1B1.10(d) (2015); supp. app. C, amend. 782.

At resentencing, in 2010, the district court granted Flowers' motion for a downward variance and reduced Flowers' base offense level to reflect a one-to-one ratio of crack cocaine to powder cocaine. While Amendment 782 lowered Flowers' applicable guidelines range, the Guidelines make clear that Flowers' below-Guidelines sentence could be proportionally reduced even further only if the original reduction was based on substantial assistance. USSG § 1B1.10(b)(2)(A), (B); id., cmt. n.3 (prohibiting a reduction below the bottom of the amended guideline range even where the original term of imprisonment was based on a downward variance or departure, except for departures based on substantial assistance); USSG App. C, Amend. 759 (2011)

3

(explaining rationale of amendment).  See also Dillon, 560 U.S. at 820-31 (holding that USSG § 1B1.10 is mandatory, not advisory).  Because Flowers' sentence was not reduced to reflect his substantial assistance, the district court was without authority to resentence Flowers below the amended guideline range.

Accordingly, we affirm that district court's order.  We grant Flowers' motion to clarify issues.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED