**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-7620**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

ROLANDO VERDINES YEPEZ,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, Senior District Judge.  (3:09-cr-00612-CMC-1)

_____

Submitted:  March 31, 2017                    Decided:  April 11, 2017

_____

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Rolando Verdines Yepez, Appellant Pro Se.  James Chris Leventis, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rolando Verdines Yepez appeals from the district court's order denying his 18 U.S.C. § 3582(c)(2) (2012) motion seeking a sentence reduction under Amendment 782 to the U.S. Sentencing Guidelines Manual app. C. supp., amend. 782 (effective Nov. 1, 2014). Because we conclude that Yepez is eligible for a sentence reduction based on Amendment 782, we vacate and remand to the district court for further proceedings.

We review a district court's denial of a motion to reduce a sentence for abuse of discretion, and review de novo the court's ruling on the scope of its legal authority under § 3582(c)(2). *United States v. Mann*, 709 F.3d 301, 304 (4th Cir. 2013). Pursuant to § 3582(c)(2), a district court may reduce the term of imprisonment "of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "In determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted, the court [must] determine the amended guideline range that would have been applicable . . . if the [relevant] amendment[ ] . . . had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1), p.s.

At Yepez's original sentencing, he was held accountable for 28 kilograms of cocaine powder and 2.9 kilograms of cocaine base. In determining Yepez's base offense level, the probation officer utilized the Drug Equivalency Tables, USSG § 2D1.1, cmt. (n.10(E)) (2009), and converted the cocaine and the cocaine base to their marijuana equivalents. However, in doing so, the probation officer miscalculated and determined that the sum of

2

the marijuana equivalency was 5,658 kilograms, rather than 63,600 kilograms.[1] Thus, the probation officer recommended that Yepez's base offense level was 34 and, after adjustments for role in the offense and acceptance of responsibility, his total offense level was 33 and his Guidelines range 135 to 168 months. The district court adopted these findings and recommendations and sentenced Yepez to 150 months' imprisonment.

Upon the filing of Yepez's § 3582 motion, seeking a reduction in sentence based on Amendment 782, which lowered by two levels the offense levels applicable to all drug offenses, the probation officer prepared a "Sentence Reduction Report" computing Yepez's amended Guidelines range to determine whether the amendment had the effect of reducing his applicable Guidelines range. The probation officer applied the amended Drug Equivalency Tables, and determined that Yepez's marijuana equivalent for the 28 kilograms of cocaine and the 2.9 kilograms of cocaine base was 10.3559 kilograms, yielding a base offense level of 34. With the adjustments for role and acceptance of responsibility, his total offense level was 33 and his Guidelines range remained 135 to 168 months.

However, because the district court, at Yepez's initial sentencing, adopted the probation officer's mistaken determination of Yepez's offense level and resulting Guidelines range, we conclude that Amendment 782 in fact has the effect of lowering

---

[1] In converting the crack cocaine to its marijuana equivalent, the probation officer used a 1 to 20 conversion factor, instead of 1 to 20,000. *See* USSG § 2D1.1, cmt. (n.10(E)) ("1 gm Cocaine Base ('Crack') = 20 kg of marihuana"). The probation officer determined that Yepez's 2.9 kilograms of crack yielded 58 kilograms of marijuana equivalent, rather than 58,000 kilograms of marijuana equivalent.

Yepez's overall Guidelines range. *See United States v. Goines*, 357 F.3d 469, 474 (4th Cir. 2004) (in determining whether a "defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . " 18 U.S.C. § 3582(c)(2), "the 'sentencing range' is the range actually applied by the district court"). Accordingly, we vacate the district court's judgment and remand so that the court may consider the factors in 18 U.S.C. § 3553(a) (2012) and determine whether a reduction in Yepez's sentence is warranted.[2] *See Dillon v. United States*, 560 U.S. 817, 826 (2010). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[2] We express no opinion on whether a reduction in sentence is warranted.