**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7532**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

CHRISTOPHER LEE WOODWARD,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:13-cr-00317-RBH-6)

Submitted: September 18, 2018          Decided: October 16, 2018

Before GREGORY, Chief Judge, KEENAN, Circuit Judge, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

M. Gordon Widenhouse, Jr., RUDOLF WIDENHOUSE, Winston-Salem, North Carolina, for Appellant. Beth Drake, Acting United States Attorney, Robert Frank Daley, Jr., Assistant United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lee Woodward appeals the district court's order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (2012) and Amendment 782. The district court denied Woodward's motion because he was sentenced pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement that was not based on the Sentencing Guidelines. We vacate the district court's order and remand for further proceedings.

We review for abuse of discretion a district court's order denying a § 3582 motion and review "its ruling as to the scope of its legal authority under § 3582(c)(2) de novo." *United States v. Mann*, 709 F.3d 301, 304 (4th Cir. 2013). A district court may reduce a defendant's sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). While this appeal was pending, the Supreme Court decided *Hughes v. United States*, 138 S. Ct. 1765, 1775 (2018), and held that "a sentence imposed pursuant to a [Rule 11(c)(1)(C)] agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." Because the Guidelines provide the "district court's starting point" in sentencing, a defendant whose Guidelines range is lowered by a retroactive amendment "will be eligible for relief under § 3582(c)(2) absent clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines." *Id.* at 1776. Our review of the record reveals that the district court used the Guidelines in calculating

2

Woodward's sentence, and the record does not make clear that the district court would have imposed the same sentence absent the Guidelines.

Accordingly, we vacate the district court's order and remand for further proceedings. We express no opinion as to whether a reduction in Woodward's sentence is warranted, leaving that decision to the district court in the first instance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*