**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 19-7306**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARIO REGINALD ROGERS,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge.  (1:06-cr-00120-WO-1)

─────────────

Submitted:  July 27, 2020                                    Decided:  August 6, 2020

─────────────

Before KING and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

Mario Reginald Rogers, Appellant Pro Se.  Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Reginald Rogers appeals the district court's order granting his motion for resentencing under § 404 of the First Step Act ("FSA") of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. We review the court's ruling on a sentence reduction motion for abuse of discretion and the scope of the court's legal authority de novo. *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Mann*, 709 F.3d 301, 304 (4th Cir. 2013). We conclude that the court procedurally erred in relying on an incorrect statutory sentence and Sentencing Guidelines range. Accordingly, we vacate the court's order and remand for further proceedings.

In 2006, Rogers pleaded guilty pursuant to a written plea agreement to conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (Count 1), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count 5). Rogers agreed that he was responsible for at least 50 grams but less than 150 grams of crack cocaine and that he faced a statutory minimum sentence of 20 years in prison and a maximum of life in prison due to a prior felony drug conviction. Pursuant to 21 U.S.C. § 851(a)(1), the Government notified Rogers that it intended to rely on a 1998 North Carolina conviction for possession with intent to sell cocaine in order to increase Rogers's statutory penalties. Rogers received a sentence of 8 to 10 months in prison for that conviction. Because Rogers was deemed a Sentencing Guidelines career offender, based on five prior felony drug convictions, and his maximum statutory sentence was life, his adjusted offense level

was 37. *See* U.S. Sentencing Guidelines Manual § 4B1.1(b) (2005). Three levels were deducted for acceptance of responsibility for a total offense level of 34. Because Rogers was placed in criminal history category VI, his Guidelines range was 262 to 327 months in prison and 10 years of supervised release. Rogers was sentenced to 262 months in prison.

In March 2019, Rogers moved for a sentence reduction pursuant to the FSA. He asserted that his mandatory minimum statutory sentence was reduced to 5 years in prison and that his adjusted Guidelines range was 188 to 235 months in prison, based on a total offense level of 31 and criminal history category VI. The Probation Office submitted a memorandum indicating that Rogers's revised statutory sentence was 10 years to life in prison and 8 years of supervised release, but Rogers's Guidelines range was unchanged.

The district court granted Rogers's motion and imposed a reduced sentence of 228 months in prison and 8 years of supervised release. The court took note of Rogers's positive postconviction conduct in imposing a below-Guidelines sentence, but noted that a sentence of 188 months did not fully reflect the seriousness of Rogers's convictions or criminal history.

In *Chambers*, this Court held that the district court must "recalculate the Guidelines range" and incorporate the rule announced in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). *See Chambers*, 956 F.3d at 672-73 ("It would pervert Congress's intent to maintain a career-offender designation that is as wrong today as it was in 2005."). Under *Simmons*, the 1998 North Carolina conviction that was utilized to

enhance Rogers's statutory sentence no longer qualifies as a proper predicate offense because Rogers's sentence was less than one year. *See Simmons*, 649 F.3d at 243 (concluding that defendant's prior conviction may be a felony offense only if defendant was eligible for sentence in excess of one year). Without the prior conviction, Rogers's statutory sentence is 5 to 40 years in prison. With a 40-year maximum statutory sentence, Rogers's career offender offense level is 34 instead of 37. USSG § 4B1.1(b)(2). After deducting 3 levels for acceptance of responsibility, Rogers's total offense level is 31 and his Guidelines range is 188 to 235 months in prison. *See* USSG Ch. 5, Part A (Sentencing Table).

Before imposing a new sentence in response to a motion under the FSA, the district court is obliged to start with a properly calculated Guidelines range. *See Chambers*, 956 F.3d at 672-75 (instructing the district court to recalculate the Guidelines range). The court may then consider the appropriate sentencing factors under 18 U.S.C. § 3553(a) and Rogers's post-sentencing conduct.

Accordingly, we vacate the district court's order and remand for further proceedings.[*] We grant Rogers's motion for leave to file an amended brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] The district court did not have the benefit of this Court's opinion in *Chambers* when it resentenced Rogers. We express no opinion with respect to the sentence Rogers should receive after the court considers the revised Guidelines range.

4