**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 24-7167**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LYCURTIS THOMPSON,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:22-cr-00036-D-RJ-1; 5:24-cv-00199-D)

—————————

Submitted: May 22, 2025                    Decided: May 28, 2025

—————————

Before KING, AGEE, and WYNN, Circuit Judges.

—————————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

—————————

Lycurtis Thompson, Appellant Pro Se. David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lycurtis Thompson appeals the district court's order denying relief on his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines. He also seeks to appeal the disposition of his 28 U.S.C. § 2255 motion, which the district court denied in the same order. We affirm in part and dismiss in part.

"We review a district court's decision [whether] to reduce a sentence under § 3582(c)(2) for abuse of discretion and its ruling as to the scope of its legal authority under § 3582(c)(2) de novo." *United States v. Mann*, 709 F.3d 301, 304 (4th Cir. 2013). Here, the district court clearly understood its authority to reduce Thompson's sentence and recognized Thompson's postsentencing rehabilitative conduct, but the court ultimately declined to reduce the sentence based on its review of the 18 U.S.C. § 3553(a) factors. We discern no abuse of discretion and affirm the district court's denial of Thompson's § 3582(c)(2) motion for a sentence reduction.

Turning to the denial of the 28 U.S.C. § 2255 motion, the denial is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the

2

dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Limiting our review of the record to the issues raised in Thompson's informal brief, we conclude that Thompson has not made the requisite showing. *See* 4th Cir. R. 34(b); *see also Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Accordingly, we deny a certificate of appealability and dismiss the appeal of the district court's denial of Thompson's § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*