**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 25-6307**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JENNA BLAIR MOBLEY,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:22-cr-00047-D-1)

———————————

Submitted:  July 29, 2025                     Decided:  August 1, 2025

———————————

Before KING, WYNN, and BERNER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Jenna Blair Mobley, Appellant Pro Se.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jenna Blair Mobley appeals the district court's order denying relief on her 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 821 to the Sentencing Guidelines.[*]  "We review a district court's decision [whether] to reduce a sentence under § 3582(c)(2) for abuse of discretion and its ruling as to the scope of its legal authority under § 3582(c)(2) de novo."  *United States v. Mann*, 709 F.3d 301, 304 (4th Cir. 2013).  Our review of the record reveals no error.  The court clearly understood its authority to reduce Mobley's sentence and recognized Mobley's postsentencing rehabilitative conduct, but nevertheless exercised its discretion to deny a reduction based on its review of the 18 U.S.C. § 3553(a) factors.

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] In the same order, the district court also denied Mobley's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1).  Because Mobley does not challenge that ruling in her informal brief, we conclude that she has forfeited appellate review of that portion of the court's order.  *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").