**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-6291

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GUILLERMO SALAZAR-VELASQUEZ,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:08-cr-00904-RMG-1)

Submitted:  March 12, 2026                                Decided:  March 17, 2026

Before WILKINSON and KING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Guillermo Salazar-Velasquez, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Guillermo Alfonson Salazar-Velasquez appeals the district court's order reconsidering its prior order but denying Salazar-Velasquez's 18 U.S.C. § 3582(c)(2) motion for a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines. "We review a district court's decision to reduce a sentence under § 3582(c)(2) for abuse of discretion and its ruling as to the scope of its legal authority de novo." *United States v. Mann*, 709 F.3d 301, 304 (4th Cir. 2013).

Amendment 821 limits the impact of "status points," which are "additional criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.7 (2025). Under the amendments, if a defendant has less than seven criminal history points, he is not eligible to receive any status points. *See* USSG Appendix C, Amendment 821. Here, Salazar-Velasquez initially had three criminal history points and received two status points. As the district court concluded, applying Amendment 821, those status points no longer apply, and his criminal history category is reduced from III to II. However, the district court further found that due to the statutory mandatory minimum of 240 months' imprisonment, it could not reduce Salazar-Velasquez's sentence—which was already 240 months.

Our review of the record reveals no error. The court properly determined that Salazar-Velasquez is subject to a 240-month mandatory minimum sentence.

Accordingly, we affirm the district court's order. *United States v. Salazar-Velasquez*, No. 2:08-cr-00904-RMG-1 (D. S.C. Mar. 25, 2025). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*