**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 15-7722**

―――――――――

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ROSWELL BOWMAN,

            Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Martin K. Reidinger, District Judge.  (3:08-cr-00010-MR-1)

―――――――――

Submitted:  May 19, 2016              Decided:  May 25, 2016

―――――――――

Before NIEMEYER, MOTZ, and WYNN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Roswell Bowman, Appellant Pro Se.  C. Nicks Williams, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roswell Bowman appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2012) motion for a sentence reduction based on Amendment 782. We have reviewed the record and find no reversible error. Accordingly, we affirm.

A district court may reduce a prison term if a defendant's Guidelines range has subsequently been lowered by the Sentencing Commission and the reduction is consistent with applicable policy statements. 18 U.S.C. § 3582(c)(2) (2012). A reduction is not consistent with applicable policy statements and therefore not authorized under § 3582(c)(2) if "an amendment listed in [U.S. Sentencing Guidelines Manual § 1B1.10(d) (2014)] does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B). We review a district court's decision under § 3582(c)(2) for abuse of discretion and its ruling as to the scope of its legal authority de novo. United States v. Mann, 709 F.3d 301, 304 (4th Cir. 2013).

In deciding whether to modify a prison term pursuant to a retroactive amendment to the Sentencing Guidelines, the first step is to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in [USSG § 1B1.10(d)] had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1); Dillon v. United States, 560 U.S. 817, 827 (2010). "In making

2

such determination, the court shall substitute only the amendments listed in [USSG § 1B1.10(d)] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." USSG § 1B1.10(b)(1). If the district court had authority to impose a sentence below any statutorily required minimum sentence pursuant to a government motion based on substantial assistance, the amended Guidelines range is determined without regard to USSG § 5G1.1. USSG § 1B1.10(c).

At Bowman's original sentencing, the district court adopted the final presentence report and accepted its contents as findings of fact. Thus, the court found that he was responsible for 375.26 grams of cocaine base and 45.01 grams of cocaine. The court found that his Guidelines range before application of USSG § 5G1.1 was 70 to 87 months in prison on count two plus a consecutive sentence of 60 months in prison on count three. After applying the statutorily required mandatory minimum, his Guidelines sentence was 240 months plus 60 months.

The Government moved for a sentence below the mandatory minimum and Guidelines range pursuant to 18 U.S.C. § 3553(e) and USSG § 5K1.1 based on Bowman's substantial assistance. The Government requested a sentence of 120 plus 60 months, totaling 180 months. Bowman asked the district court to consider a sentence within the Guidelines range that would apply without

3

the mandatory minimum. The court sentenced Bowman to 87 months plus 60 months, totaling 147 months. Bowman did not appeal.

After reviewing his case to determine whether he was eligible for a sentence reduction under Amendment 782, Bowman's counsel filed a notice with the district court that counsel had concluded he was not eligible for a reduction. The probation officer came to the same conclusion. Under Amendment 782, they determined that Bowman's Guidelines range on count two before application of USSG § 5G1.1 is 70 to 87 months, which is the same range that was originally determined by the district court.

Bowman filed the instant pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782. In addition to claiming that he was eligible for a reduction, he argued that the district court had not made any specific finding of drug quantity at his original sentencing hearing, and the court should hold an evidentiary hearing to do so. He also argued he should be permitted to object to the drug quantities that were stated in the presentence report at the hearing.

The district court denied Bowman's § 3582(c)(2) motion, explaining that "[t]he application of Amendment 782 provides no change in the guideline calculations in this case." On appeal, Bowman contends the court should have "granted an evidentiary hearing to make specific factual findings of drug quantity for the purpose of determining [his] eligibility for [a] sentence

4

reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782." We disagree. Proceedings under § 3582(c)(2) and USSG § 1B1.10 "do not constitute a full resentencing of the defendant." USSG § 1B1.10(a)(3); see also Dillon, 560 U.S. at 826 ("Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding."). While a district court may, in its discretion, make additional findings in § 3582(c)(2) proceedings, it is not obligated to do so. Mann, 709 F.3d at 306-07. After reviewing the record, we conclude that the district court did not abuse its discretion in this case by not making additional drug quantity findings.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED