**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-6122**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

FRANK DEMETRIC DICKERSON, JR., a/k/a Frankie Dixon, a/k/a
Frankie D.,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J. Frederick Motz, Senior District
Judge.  (1:97-cr-00410-JFM-1)

———————

Submitted:  September 9, 2016        Decided:  October 5, 2016

———————

Before GREGORY, Chief Judge, and NIEMEYER and THACKER, Circuit
Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Frank Demetric Dickerson, Jr., Appellant Pro Se.  Debra Lynn
Dwyer, Assistant United States Attorney, Baltimore, Maryland,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank Demetric Dickerson, Jr., appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2012) motion to reduce his sentence based on amendments to the Sentencing Guidelines following his convictions for conspiracy to distribute cocaine and cocaine base and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a), 846 (2012). We vacate the district court's order and remand for further proceedings.

We review for abuse of discretion a district court's order denying a § 3582(c)(2) motion. United States v. Mann, 709 F.3d 301, 304 (4th Cir. 2013). "We review factual determinations, like the quantity of drugs attributable to a defendant for sentencing purposes, for clear error," and we give "substantial deference to a district court's interpretation of its own judgment." Id. at 304, 305. A court abuses its discretion "when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." United States v. Briley, 770 F.3d 267, 276 (4th Cir. 2014) (internal quotation marks omitted), cert. denied, 135 S. Ct. 1844 (2015).

A criminal defendant is not entitled to a reduction of his sentence based on a retroactive Sentencing Guidelines amendment

2

as a matter of right; rather, the district court may only modify the term of imprisonment "of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In other words, the amendment must "have the effect of lowering the defendant's applicable guideline range." U.S. Sentencing Guidelines Manual § 1B1.10(a)(2)(B), p.s. (2015). Even if the district court finds a defendant eligible for a reduction, the court must determine whether, in its discretion, any part or all of that reduction is warranted. Dillon v. United States, 560 U.S. 817, 827 (2010). In this case, the district court briefly stated that "it appear[s] that Dickerson is not eligible for a sentence reduction."

On appeal, Dickerson asserts that he is eligible for a sentence reduction under Amendment 782 to the Guidelines, which reduced by two levels the drug table for most drug offenders. USSG app. C supp., amend. 782 (2014); see USSG § 1B1.10(d), p.s. (2015) (applying Amendment 782 retroactively). Dickerson's presentence report attributed to him 551 kilograms of cocaine powder and recommended a base offense level of 38. According to undisputed portions of the sentencing transcript provided by Dickerson both in the district court and on appeal, however, the sentencing court found by a preponderance of the evidence that

3

150 kilograms or more of powder cocaine were attributable to Dickerson. Under the Guidelines in effect at the time of Dickerson's sentence, 150 kilograms or more of cocaine was the threshold amount for a base offense level of 38; however, under Amendment 782 and the amended Guidelines, such a drug weight qualifies for a base offense level of 36. Compare USSG § 2D1.1(c)(1) (2000), with USSG § 2D1.1(c)(2) (2015). Maintaining all other Guidelines adjustments as originally applied, Amendment 782 has the effect of lowering Dickerson's applicable Guidelines range.

By our calculation, the district court erred in finding Dickerson ineligible for a reduction. Therefore, the court's reliance on a factual error in denying relief constitutes an abuse of discretion.

Accordingly, we grant leave to proceed in forma pauperis, vacate the district court's order, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

4