United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30079

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY SMITH,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
- - - - - - - - - -

Before JONES, Chief Judge, WIENER and PRADO, Circuit Judges.

PER CURIAM:

Defendant-Appellant Terry Smith appeals her sentence for making a false statement to a federal agent, to which crime she pleaded guilty. Relying on the Supreme Court's decision in United States v. Booker,[1] she contends that the district court erred in enhancing her sentence under the then-mandatory Sentencing Guidelines ("U.S.S.G.") based on facts found by the judge, but which were neither admitted by her nor found by a jury beyond a reasonable doubt. As we determine that the government has met its burden of showing that the error was harmless in that it did not affect Smith's sentence, we affirm.

---

[1] 125 S. Ct. 738 (2005).

## I. FACTS AND PROCEEDINGS

When agents of the Federal Bureau of Investigation ("FBI") executed a search warrant at the Bossier City home of Smith and her husband, Cecil Pierre, as part of an ongoing criminal investigation, the latter falsely identified himself as "Joshua Smith," which is the name of the couple's second child. Smith expressly confirmed to the agents that this was in fact her husband's name. Once Pierre was booked and fingerprinted, the agents discovered his true identity.

The investigation concerned an alleged criminal conspiracy involving 43 accounts at E*Trade Financial and the ATM cards linked to those accounts, which were issued in various names and delivered to several different addresses, including to a mail box allegedly opened and accessed by Smith at the Packages Plus store in Bossier City. Pierre confessed to the crimes alleged, but insisted that his wife unwittingly participated without knowledge of the fraudulent nature of the scheme. The FBI investigation revealed, however, that the mail box at Packages Plus had been opened by Smith, who had confirmed her identity with her driver's license and social security card, and that she was the individual who received mail from the box. The phone number Smith provided on the application for the box was the same as that used to access the E*Trade accounts. Moreover, when FBI agents conducted their search of the couple's home they discovered in plain view, scattered throughout the house, several pieces of mail from E*Trade as well as debit and credit cards issued in various names.

In June of 2004, a federal grand jury returned a 51-count indictment against Smith and Pierre, charging them with mail fraud, wire fraud, conspiracy, and false statements to a federal agent. Pursuant to a written plea agreement entered into the following month, Smith pleaded guilty to Count 50, which charged her with making false statements to a federal agent in violation of 18 U.S.C. § 1001. This crime carries a statutory penalty of up to five years' imprisonment for false statements not involving international or domestic terrorism.[2] The district court accepted Smith's guilty plea.

The base offense level for the false statement to which Smith pleaded guilty was 6,[3] but the pre-sentence investigation report, which considered all allegations in the indictment, recommended a total offense level of 15. In combination with a criminal history category of II, this produced a Guideline imprisonment range of 21 to 27 months. In December of 2004, the district court entered a sentence of 24 months' imprisonment to be followed by 36 months of supervised release. The court further ordered Smith to make restitution to E*Trade of $20,382.37. In determining the sentence, the district court expressly applied the specific offense characteristic of "jointly undertaken criminal activity" provided in U.S.S.G. § 1B1.3(a)(1)(B). Citing Blakely v. Washington,[4] Smith objected to the enhancement based on her role in the alleged

---

[2] 18 U.S.C. § 1001(a) (2005).

[3] U.S.S.G. § 2B1.1(a)(2).

[4] 542 U.S. 296 (2004).

conspiracy, which she had not admitted and which had not been found by a jury beyond a reasonable doubt. The district court overruled the objection and Smith timely filed a notice of appeal the same month.

Following the Supreme Court's decision in <u>Booker</u>, which was issued the next month, Smith filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence, asserting <u>Booker</u> error. Her direct appeal in this court was stayed pending the district court's resolution of the § 2255 motion.[5] In May of 2005, the district court denied Smith's § 2255 motion, stating:

> It is clear that in spite of <u>Booker</u>, this court was free to consider aggravating factors without violating Smith's Sixth Amendment rights. The <u>Mares</u> decision demonstrates this court's ability to consider those factors it deems relevant, including the amount of money fraudulently obtained from the victims, and to impose a sentence upon Smith that, among other things, reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, serves as an adequate deterrent of criminal conduct, protects the public from further crimes committed by the defendant, and satisfies the need to provide restitution to any victim of the offense. <u>See</u> 18 U.S.C. § 3[5]53(a). This court's decision to sentence Smith to a twenty-four month term of imprisonment and to order the payment of restitution was well within its authority, and in no way violated Smith's rights under the Sixth Amendment.[6]

After the district court's denial of her § 2255 motion, Smith renewed her previously stayed direct appeal in this court.

## II. ANALYSIS

**A. Standard of Review**

---

[5] Order of March 16, 2005.

[6] Memorandum Ruling denying § 2255 motion at 4 (May 2, 2005) (modified to correct citation to 18 U.S.C. § 3553(a), cited as § 3353(a) in original).

4

When a claim of <u>Booker</u> error is preserved by objection in the district court,[7] we review the sentence for harmless error.[8] The government bears the "burden of showing beyond a reasonable doubt that the error did not affect the outcome of the district court proceedings, i.e., that the district court would have imposed the same sentence absent the error."[9] In other words, <u>Booker</u> error is harmless error if it is shown "beyond a reasonable doubt that the district court would not have sentenced [the defendant] differently had it acted under an advisory Guidelines regime."[10]

## B. Merits

Although the district court committed <u>Booker</u> error in sentencing Smith,[11] that error was harmless and therefore not reversible error. In its brief on appeal the government quotes the district court's Memorandum Ruling denying Smith's § 2255 motion to vacate, also quoted above. This post-<u>Booker</u> statement by the district court demonstrates beyond a reasonable doubt that it would have entered the same sentence under an advisory Guidelines

---

[7] A properly raised <u>Blakely</u> objection is sufficient to preserve <u>Booker</u> error on appeal. <u>United States v. Saldana</u>, 427 F.3d 298, 314 n.67 (5th Cir. 2005).

[8] <u>United States v. Pineiro</u>, 410 F.3d 282, 284 (5th Cir. 2005).

[9] <u>Id.</u> at 286.

[10] <u>United States v. Akpan</u>, 407 F.3d 360, 377 (5th Cir. 2005).

[11] Under <u>Booker</u>, when a sentencing judge bound by mandatory Guidelines increases the defendant's sentencing range based on facts neither found by a jury beyond a reasonable doubt nor admitted by the defendant — as in this case — the sentence violates the defendant's Sixth Amendment right to a jury trial. 125 S. Ct. at 756.

regime.[12]  Although the court did not <u>expressly</u> state that the sentence would have been the same, the indisputable message is that the court stands by its original sentence, even after <u>Booker</u>. Furthermore, nothing in the record on appeal even suggests a different result.  To require district judges to make talismanic incantations in cases like Smith's —— when the sentencer's intent is otherwise apparent and unambiguous —— would be to elevate form over substance.

### III. CONCLUSION

The government has met its burden of showing that the <u>Booker</u> error in Smith's sentencing was harmless beyond a reasonable doubt, in that the district court would have imposed the same sentence under an advisory Guidelines regime.  Smith's sentence is, therefore,

AFFIRMED.

---

[12] Even though this case is perhaps atypical by virtue of the district judge's post-<u>Booker</u> statement having been made in the context of an intervening § 2255 motion, we perceive no meaningful difference between such a statement in this setting and one made on remand.  <u>See</u> <u>United States v. Miller</u>, 406 F.3d 323, 337 (5th Cir. 2005) ("Because *Booker* renders the guidelines advisory, if we were to remand under *Booker* the district court would have the discretion to impose the same sentence by giving consideration to the guidelines and the other factors enumerated in 18 U.S.C. § 3553(a).").