United States Court of Appeals

Fifth Circuit

**F I L E D**

**December 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30487
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                   Plaintiff-Appellee,

versus

JOHN MICHAEL MCCONNELL,

                                   Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CR-50083-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

      John Michael McConnell challenges his sentence for misapplication of funds by a bank employee under 18 U.S.C. § 656. Citing our precedent under United States v. Booker,[1] McConnell asserts that the district court erred by increasing his sentence based upon facts that were neither proven to a jury nor admitted by him. Because he did not raise the objection below, we review this issue for plain error.[2] McConnell must demonstrate (1) an error,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 543 U.S. 220 (2005).

[2] See United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

(2) that is plain, and (3) that affects his substantial rights.[3] If these conditions are satisfied, we may exercise our discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[4] (internal quotation marks and citation omitted).

The district court increased McConnell's sentence based upon a factual finding and under the belief that the Sentencing Guidelines were mandatory, so the error is plain.[5]  However, McConnell has failed to show that "the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result."[6]

McConnell's best evidence is from the sentencing hearing, where the district court remarked:

> If I sentence you for less than the guidelines, under the present system, [the AUSA] has to report me to the Attorney General.  And the Attorney General has to report me to the chairman of the House Judiciary Committee and Senate Judiciary Committee and say that Judge Stagg departed downward without legal authority.

However, the very same Judge, in denying McConnell's motion for release pending appeal, rejected his Booker arguments, reasoning that "there is no indication that McConnell's sentence would have been different under an advisory guidelines scheme as opposed to a

---

[3] Id.

[4] Id.

[5] See Mares, 402 F.3d at 520-21.

[6] Mares, 402 F.3d at 521.

mandatory one." We hold that this most recent statement by the district court is dispositive of the substantial-rights question. This holding follows *Smith*, where we held that such a statement, made in the context of a district court's denial of a § 2255 motion to vacate, indicated "the indisputable message" that "the court stands by its original sentence, even after Booker."[7] Because McConnell has failed to show that the error affected his substantial rights, he cannot demonstrate that the district court committed plain error.[8]

The judgment of the district court is AFFIRMED.

---

[7]United States v. Smith, 442 F.3d 868, 871 (5th Cir. 2006).

[8]See Mares, 402 F.3d at 520-21.