**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4614

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

MARIO ANTONIO MACIAS-MALDONADO, a/k/a Mario Maldonado-Deras,
a/k/a Adalberto Bolanos, a/k/a Mario Martinez-Maldonado, a/k/a Mario Mencia,
a/k/a Adalberto Bel,

                    Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at
Richmond.  Robert E. Payne, Senior District Judge.  (3:16-cr-00100-REP-1)

Argued:  September 26, 2018                          Decided:  October 11, 2018

Before WILKINSON, KING, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  Paul Geoffrey Gill, OFFICE OF THE FEDERAL PUBLIC DEFENDER,
Richmond, Virginia, for Appellant.  Stephen David Schiller, OFFICE OF THE UNITED
STATES ATTORNEY, Richmond, Virginia, for Appellee.  **ON BRIEF:**  Geremy C.
Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, OFFICE OF
THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Tracy
Doherty-McCormick, Acting United States Attorney, OFFICE OF THE UNITED
STATES ATTORNEY, Alexandria, Virginia, for Appellee.

––––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant Mario Antonio Macias-Maldonado pleaded guilty in the Eastern District of Virginia to the offense of illegally reentering the United States as an alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). The district court sentenced him to 48 months in prison. On appeal, Macias-Maldonado contends that the district court erred in calculating his Sentencing Guidelines range and that he is entitled to be resentenced. As explained below, we reject his sentencing challenge and affirm.

I.

A.

Macias-Maldonado, a citizen of El Salvador, illegally entered the United States in 2006. About three years later, in August 2009, he was convicted in a Virginia state court of several offenses, including the crime of forgery. In January 2010, Macias-Maldonado was removed from the United States, but sometime thereafter unlawfully reentered this country. In February 2017, Macias-Maldonado was convicted of a misdemeanor sexual battery in a Virginia court and sentenced to 12 months in prison.

In April 2017, Macias-Maldonado pleaded guilty in federal court to illegal reentry subsequent to a conviction for an aggravated felony, that is, his 2009 forgery conviction in Virginia. Applying the 2016 edition of the Sentencing Guidelines, Macias-Maldonado's presentence report (the "PSR") suggested a total offense level of 10. That offense level was derived from a base offense level of 8, *see* USSG § 2L1.2(a); a 4-level

increase because he was convicted of forgery before he was first ordered removed, *id.* § 2L1.2(b)(2)(D); plus a 2-level decrease for acceptance of responsibility, *id.* § 3E1.1(a). After placing Macias-Maldonado in a criminal history category of IV, the PSR calculated an advisory Guidelines range of 15 to 21 months.

At Macias-Maldonado's sentencing hearing in Richmond on July 13, 2017, the district court adopted the PSR and considered the parties' arguments concerning the appropriate sentence. Macias-Maldonado's lawyer sought a below-Guidelines sentence of 12 months plus one day. On the other side, the prosecutor asked the court to depart and vary upward from the advisory Guidelines range and impose the statutory maximum of 240 months.

Addressing the parties' contentions, the district court first decided that Macias-Maldonado was not entitled to his requested sentence of 12 months plus a day. Next, in disposing of the Government's motion for an upward departure and variance, the court determined that Macias-Maldonado's criminal history was underrepresented and assigned him five additional criminal history points.[1] That assignment placed Macias-Maldonado in a criminal history category of V. The court then ruled that Macias-Maldonado's total offense level of 10 failed to adequately account for the seriousness of the conduct

---

[1] During the sentencing hearing, the district court observed that Macias-Maldonado had been convicted in Virginia in 2009 of multiple offenses, that is, driving while impaired, operating a motor vehicle without a license, obstructing justice, forgery, uttering, grand larceny, and the unauthorized use of a motor vehicle. The PSR assigned a total of two criminal history points for those convictions.

4

underlying his 2017 sexual battery conviction.[2]  The court also determined that the federal offense most analogous to the conduct underlying the Virginia sexual battery offense was the crime of aggravated sexual abuse, as defined in 18 U.S.C. § 2241(a).  The court then related that a base offense level of 30 applies to a violation of § 2241(a), *see* USSG § 2A3.1(a)(2), and that Macias-Maldonado would be entitled to a 3-level decrease for acceptance of responsibility if that base offense level was applied, *id.* § 3E1.1.  Utilizing the analogous offense approach, the court concluded that Macias-Maldonado's total offense level for his illegal reentry offense of conviction should be 27.  Departing upward to that offense level and applying a criminal history category of V, the court calculated Macias-Maldonado's advisory Guidelines range as 120 to 150 months in prison.

Having arrived at what it viewed as the proper Guidelines range, the district court observed that a sentence at the bottom of that range, that is, 120 months, would be greater than necessary to achieve the aims of sentencing.  As a result, the court planned to "vary to arrive at a sentence . . . sufficient but not greater than necessary notwithstanding what the advisory [G]uidelines say."  *See* J.A. 166.[3]  The court therefore asked each party to then propose a sentence of less than 120 months.  In response, Macias-Maldonado's lawyer asserted that a sentence of even 60 months would be excessive, while the

---

[2] The PSR had assigned two additional criminal history points for Macias-Maldonado's sexual battery conviction.

[3] Citations herein to "J.A. __" refer to the contents of the Joint Appendix filed by the parties in this appeal.

5

prosecutor requested a sentence of at least 41 months. After considering those proposals, along with Macias-Maldonado's allocution in open court, the court sentenced Macias-Maldonado to 48 months in prison.

In explaining its 48-month sentence, the district court carefully discussed several of the 18 U.S.C. § 3553(a) factors. The court stressed that Macias-Maldonado had consistently displayed his disrespect for the law and that his criminal behavior should be deterred. The court emphasized that the public needed protection from Macias-Maldonado's repeated and serious criminal activities and that his sentence should serve to deter others from engaging in similar unlawful conduct. The court then concluded that a 48-month prison term was appropriate to accomplish the objectives of sentencing.[4]

B.

On July 18, 2017, five days after the sentencing hearing — and prior to entry of the criminal judgment — the district court sua sponte entered an order vacating Macias-Maldonado's sentence. The court therein explained that it had "improperly" calculated "the upward departure" by substituting the base offense level governing an aggravated sexual abuse offense for the base offense level applicable to the crime of illegal reentry. *See* J.A. 176. The court requested prompt briefing by the parties on that issue and scheduled another sentencing hearing. In response, Macias-Maldonado objected to the

---

[4] In the sentencing proceedings conducted on July 13, 2017, the district court decided that Macias-Maldonado's 48-month sentence would run concurrently with his state court sentence in Virginia for sexual battery. That ruling granted Macias-Maldonado nearly 12 months of credit on his federal sentence of 48 months.

court's order and contended that it lacked jurisdiction to either vacate the 48-month sentence or conduct a resentencing. The Government agreed with Macias-Maldonado that the court lacked the authority to vacate the sentence. It therefore requested reinstatement of the 48-month sentence.

On August 22, 2017, the district court conducted a hearing on the propriety of its July 18, 2017 order vacating Macias-Maldonado's sentence (the "post-sentencing hearing"). At the post-sentencing hearing, the court first related that it should have utilized his Virginia sexual battery conviction "not to adjust the base offense level but . . . as an enhancement," which would have resulted in an advisory Guidelines range of 57 to 71 months. *See* J.A. 234. The court emphasized and confirmed, however, that "the sentence would be the same no matter what happened." *Id.* In response, Macias-Maldonado's lawyer advised the court that his client planned to appeal the 48-month sentence and — assuming an award of appellate relief favorable to Macias-Maldonado — hoped for a sentence of less than 48 months on remand. The court then replied, "We'll see what happens," and commented that Macias-Maldonado could receive a sentence greater than 48 months if his case happened to be assigned to a different judge. *Id.* at 238.

On August 31, 2017, by way of a memorandum opinion relating to the post-sentencing hearing, the district court again explained that, at the sentencing hearing of July 13, 2017, it had departed upward to an advisory Guidelines range of 120 to 150 months and then varied downward to a 48-month sentence. The opinion reiterated that the court had erred in calculating the permissible upward departure. The court therein

7

explained, however — in agreement with the parties — that it lacked any authority to correct that error by way of vacatur of the 48-month sentence and a resentencing. In any event, the court specified that its sentencing error was harmless because it had "impose[d] the sentence that it independently determined was sufficient but not greater than necessary under 18 U.S.C. § 3553(a)." *See* J.A. 253. That very day, the court entered an order vacating its sua sponte order of July 18, 2017, and reinstating Macias-Maldonado's 48-month sentence.

The district court's criminal judgment was entered on September 13, 2017, and Macias-Maldonado has timely appealed. We possess jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

On appeal, Macias-Maldonado contends that the district court procedurally erred in calculating his advisory Guidelines range. More specifically, Macias-Maldonado asserts that the court, in making the upward departure, incorrectly utilized the base offense level applicable to the federal offense of aggravated sexual abuse instead of the base offense level for the illegal reentry offense of conviction. He argues that the alleged error increased his advisory Guidelines range from 15 to 21 months to 120 to 150

months.[5] On the other hand, the Government maintains that the alleged error is harmless and that we should affirm Macias-Maldonado's 48-month sentence.

We have long recognized that "procedural errors at sentencing are subject to harmlessness review." *See United States v. Montes-Flores*, 736 F.3d 357, 370 (4th Cir. 2013); *see also* Fed. R. Crim. P. 52(a) (providing that court "must . . . disregard[]" error "that does not affect substantial rights"). Consequently, rather than resolve the merits of a Guidelines calculation challenge, we are entitled to assume that a district court erred and evaluate whether that assumed error is harmless. *See United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014). In performing such an analysis, we are to consider two questions, that is: (1) whether "the district court would have reached the same result even if it had decided the [G]uidelines issue the other way"; and (2) whether "the sentence would be [substantively] reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *See United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted). An error is harmless when we are "certain" that those two inquiries are satisfied. *See United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

---

[5] Macias-Maldonado maintains that, absent the district court's error in determining his base offense level, his advisory Guidelines range would have been 15 to 21 months. In pursuing that point, however, he fails to acknowledge that the court made a criminal history departure — which he does not challenge on appeal — and placed him in a criminal history category of V. Applying a total offense level of 10, Macias-Maldonado's advisory Guidelines range would have been 21 to 27 months. Giving Macias-Maldonado the benefit of doubt, however, we accept his contention of an advisory Guidelines range of 15 to 21 months.

Macias-Maldonado argues that the first prong of the harmlessness inquiry is not satisfied in these proceedings. He contends that the record is equivocal concerning the district court's intent to impose a 48-month sentence absent the advisory Guidelines calculation error. In support of that contention, Macias-Maldonado emphasizes the court's "We'll see what happens" comment during the post-sentencing hearing. *See* J.A. 238. Additionally, Macias-Maldonado maintains that the court's aborted effort to vacate the 48-month sentence demonstrates that it would not have imposed that sentence had it fully understood the correct advisory Guidelines range.

For us to be certain that a district court would have imposed the same sentence absent any procedural error, we need "something more than a review by the district court of the § 3553(a) factors." *See Montes-Flores*, 736 F.3d at 370. That is, we must be satisfied that "the district court's sentencing intent [is] . . . clear from the record." *See McDonald*, 850 F.3d at 645. We do not require, however, that the sentencing court "specifically state that it would give the same sentence" under a different advisory Guidelines range. *See Montes-Flores*, 736 F.3d at 370 (internal quotation marks omitted).

Our assessment of the record leads us to conclude that the district court would have imposed a 48-month sentence in any event. More specifically, even if the court had not miscalculated Macias-Maldonado's advisory Guidelines range by applying the base offense level applicable to the offense of aggravated sexual abuse, it would have reached the same result. Contrary to Macias-Maldonado's contention, the court's explanations at

10

the post-sentencing hearing do not cast any doubt on its unambiguous intention to impose a 48-month sentence, regardless of the applicable Guidelines range. In fact, during that very hearing, the court emphasized that Macias-Maldonado's "sentence would be the same no matter what happened." *See* J.A. 234. The court also confirmed in its memorandum opinion — filed almost immediately after the post-sentencing hearing — that its Guidelines calculation error was harmless, in that the court had imposed the sentence it determined was necessary under the § 3553(a) factors. *See United States v. Mann*, 709 F.3d 301, 306 (4th Cir. 2013) (explaining that this Court "must defer to the sentencing judge's reasonable understanding of the record — and particularly his interpretation of *his own earlier findings*").

In these circumstances, it would make little sense for us to remand this matter for the district court to simply rearticulate its intention to impose a 48-month sentence. *See United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011) ("[I]t would make no sense to set aside a reasonable sentence and send the case back to the district court since it has already told us that it would impose exactly the same sentence." (alteration and internal quotation marks omitted)); *United States v. Smith*, 442 F.3d 868, 871 (5th Cir. 2006) ("To require district judges to make talismanic incantations in cases . . . when the sentencer's intent is otherwise apparent and unambiguous . . . would be to elevate form over substance."). We will therefore turn to and assess the sole remaining question: whether the 48-month sentence imposed on Macias-Maldonado is substantively reasonable.

11

We review a sentence "within or outside of the Guidelines range, as a result of a departure or of a variance, . . . for reasonableness pursuant to an abuse of discretion standard." *See United States v. Diosdado-Star*, 630 F.3d 359, 365 (4th Cir. 2011). When a sentencing court has applied a departure provision or varied from the advisory Guidelines range, the court must have accorded "'serious consideration to the extent' of the departure or variance, and 'must [have] adequately explain[ed] the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 46 (2007)). In considering the substantive reasonableness of a sentence, we are obliged to "take[] into account the totality of the circumstances," *see Gall*, 552 U.S. at 51, and "give[] due deference to the [d]istrict [c]ourt's . . . decision that the § 3553(a) factors, on the whole, justif[y] the sentence," *see id.* at 59-60.

Accepting Macias-Maldonado's advisory Guidelines range as 15 to 21 months, we are satisfied that his 48-month sentence is substantively reasonable. The district court thoroughly explained why that sentence was necessary under the § 3553(a) factors. More specifically, the court aptly observed that Macias-Maldonado had consistently flouted the law, not only by twice illegally entering the United States, but also by committing numerous crimes in this country. Additionally, the court emphasized that the public was entitled to be protected from Macias-Maldonado, who had "violat[ed] another human being" in the course of committing a sexual battery

offense after he unlawfully reentered the United States. *See* J.A. 171. The court also properly stressed the need for both individual and general deterrence.

Because Macias-Maldonado's sentence is supported by the district court's detailed consideration of the § 3553(a) factors, we are satisfied that his 48-month sentence is substantively reasonable. *See Savillon-Matute*, 636 F.3d at 124 (affirming 36-month sentence for illegal reentry by assuming Guidelines range of 4 to 10 months and relying on defendant's earlier assault conviction). The alleged sentencing error was therefore harmless, and a remand for resentencing is not warranted.

## III.

Pursuant to the foregoing, we reject Macias-Maldonado's sentencing challenge and affirm the criminal judgment.

*AFFIRMED*